UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts corporation | : : : : | Civil Action No. |
| Plaintiff, | : : | **COMPLAINT** |
| v. | : : | |
| INTEL CORPORATION, a Delaware corporation, | : : | |
| Defendant. | : | |

For its Complaint against defendant Intel Corporation ("Intel"), plaintiff Houghton Mifflin Harcourt Publishing Company ("HMH") states and alleges as follows:

1. This is an action by HMH for breach of contract arising out of Intel's breach of two contracts: (i) the Kno Reader Collaboration and Distribution Agreement (the "Kno 2 Contract"), under which Intel failed to perform its obligations to support Intel's electronic reader platform called the Intel Education Platform to host HMH content for use in schools; and (ii) the Content License and Distribution Agreement (the "Kno 1 Contract"), under which Intel failed to pay royalties owed to HMH.

2. In short, in November 2017, Intel shut down the Intel Education Platform notwithstanding Intel's ongoing obligations to host HMH's educational content for schools through the end of HMH's agreements with certain school districts through the 2022 – 2023 school year. Intel failed to perform its obligations under the Kno 2 Contract to support educational content for HMH's school customers, requiring HMH to spend $1,596,190 to obtain a replacement hosting service so that HMH could continue to honor its obligations to certain school districts.

3.      In addition, Intel failed to pay royalties owed to HMH under the Kno 1 Contract.

4.      Accordingly, HMH brings this action to recover its out-of-pocket damages flowing from Intel's breach of the Kno 2 Contract, for declaratory judgment that Intel remains obligated to indemnify HMH for any claims asserted by HMH's customers due to Intel's breach, and to recover the royalties that Intel failed to pay in breach of the Kno 1 Contract.

## THE PARTIES

5.      Plaintiff Houghton Mifflin Harcourt Publishing Company is a Massachusetts corporation with a principal place of business at 125 High Street, Boston, Massachusetts.

6.      Upon information and belief, defendant Intel Corporation is a Delaware corporation with a principal place of business at 2200 Mission College Boulevard, Santa Clara, California.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

8.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to HMH's claim occurred in this judicial district, most of the witnesses work or reside in the district, and because Intel is subject to personal jurisdiction in this judicial district.

9.      This Court has personal jurisdiction over Intel because Intel is the successor-in-interest to Kno, Inc. ("Kno"), Kno's contacts with Massachusetts are imputed to Intel, and Kno entered into the Kno 1 Contract and Kno 2 Contract with HMH, a Massachusetts-based company.  In addition, both Kno and Intel provided services to HMH, the benefits of which were received in Massachusetts, and Intel knowingly caused harm to HMH in Massachusetts.  Intel is also registered to do business in Massachusetts, has at least one office in Massachusetts, and advertises its products to Massachusetts consumers.

## **STATEMENT OF CLAIM**

10.     On July 3, 2012, HMH and Kno entered into the Kno 1 Contract, under which Kno would take and fulfill orders for certain HMH content and pay HMH a royalty after sale.

11.     On November 29, 2012, HMH and Kno entered into the Kno 2 Contract, under which Kno agreed to license to HMH an electronic reader platform by which school districts could offer HMH's educational content to students through the Internet. In other words, under the Kno 2 Contract, HMH used Kno's electronic reader platform to host HMH content for use in schools.

12.     Kno assigned its rights to the Kno 2 Contract to Intel in October 2013. Under Intel's ownership, the electronic platform reader was known as the Intel Education Platform.

13.     The Kno 2 Contract's initial term was 5 years, due to expire in November 2017:

> 10.1 **Term.** The initial term of this Agreement will be five (5) years beginning on the Effective Date (the "Initial Term").  Upon completion of the Initial Term this

>   Agreement may be renewed upon the parties' mutual written agreement for additional one (1) year terms (each a "Renewal Term").  The period of the Initial Term and any Renewal Terms shall be referred to as the "Term."

(Kno 2 Contract § 10.1).

14. The parties could only terminate the Kno 2 Contract upon material breach or if the other party became insolvent:

>   10.2 **Termination.**
>
>   >   (a). **Termination for Breach**.  This Agreement may be terminated by either party by written notice if the other party materially breaches this Agreement and fails to cure such breach within thirty (30) days after receiving written notice from the non-breaching party describing such breach in reasonable detail (or such additional cure period as the non-defaulting party may authorize in writing).

 (Kno 2 Contract § 10.2).

15. The Kno 2 Contract provided that, even after termination or expiration, HMH retained the rights to continue to use the Intel Education Platform and Intel has an ongoing obligation to host HMH content through the expiration of HMH's customer agreements entered into prior to termination:

>   10.3 **Effect of Termination.**
>
>   >   (a). **General**. The rights granted by each party to the other party herein shall terminate, *provided that* HMH shall have the right to continue to use the Kno Marks and provide access to the Kno Reader and the Content Units within the Market and on marketing materials in order to fulfill Customer Subscriptions entered into prior to the effective date of expiration or termination, and provided further that HMH shall continue to have the right to use the Kno Marks and provide access to the Content Units in connection with the Kno Reader to fulfill any Subscription or other obligations of HMH under any contracts with Customers currently in existence at the date of expiration or termination for the duration of such Customer Subscriptions, including without limitation any extensions thereof and Kno shall have the continued obligation to host the Content Units on Kno Servers for fulfilment of any such Subscriptions that HMH has with Customers.

(Kno 2 Contract § 10.3).

16. Under the Kno 2 Contract, Intel is also obligated to indemnify HMH against any third-party claims brought as a result of either: (1) HMH's distribution of the Intel Education Platform or (2) Intel's gross negligence or willful misconduct:

> 8.2 **Indemnification by Kno.**  Kno will defend, indemnify and hold harmless HMH and its affiliates, and their respective directors, officers, employees, subcontractors and agents from and against any Damages arising out of any actual or threatened third-party Claim due to: (a) HMH's distribution of access to the Kno Reader to Customers in the Market in accordance with this Agreement; (b) any breach by Kno of its representations, warranties and covenants in Section 6; (c) the Kno Enhancements, the Kno Reader, or the Kno Servers infringing any third-party copyright, patent, trademark or other intellectual property right; and/or (c) [sic] Kno's gross negligence or willful misconduct, but excluding any Claim to the extent it is covered by HMH's indemnification obligations set forth in Section 8.1 of this Agreement.

(Kno 2 Contract § 8.2).

**Intel's Breach of the Kno 2 Contract**

17. Despite these on-going obligations, on October 11, 2016 Intel sent HMH written notice that it was going to discontinue the Intel Education Platform early, at the end of the 2016-2017 school year, and remove all HMH content from that platform.

18. On October 18, 2016, HMH disputed this termination and put Intel on notice of its obligation to continue to support the Intel Education Platform through the expiration date of the last of the HMH school contracts that incorporated the Intel Education Platform.

19. After HMH objected to Intel's early termination, Intel informed HMH that the final shut-down of the Intel Education Platform would be at the end of July 2017. Intel notified HMH that as of August 1, 2017, Intel would provide no services to HMH, would no longer be able to transfer any back-end services to a third party for purposes

of providing support, and that customers would have access to entitled content only until August 1, 2017.

**HMH Is Forced To Mitigate Intel's Breach of the Kno 2 Contract**

20. On June 30, 2017, HMH entered into an agreement with Magic Software Inc. to mitigate Intel's refusal to honor its ongoing and post-termination obligations under the Kno 2 Contract. In effect, HMH used the Magic Software to provide a new hosting service for the HMH content that was previously hosted on the Intel Education Platform.

21. Notwithstanding its earlier notices to HMH, and after HMH relied upon them to find alternative services to support HMH's customers, Intel later informed HMH that it would defer the shutdown of the Intel Education Platform until November 29, 2017, when the Term of the Kno 2 Contract was set to expire, even though the Kno 2 Contract requires that Intel support HMH's customers post-expiration.

22. Intel shut down the Intel Education Platform on or around November 29, 2017. Thereafter, Intel did not provide HMH with the post-termination services required by the Kno 2 Contract.

23. HMH has incurred or will incur $1,596,190 in costs mitigating against the harm caused by Intel's breach of the Know 2 Contract.

24. In addition, if any of HMH's school customers assert claims based on the shut-down of the Intel Education Platform hosting service, HMH will seek indemnification from Intel, which has thus far taken the position that it does not have any obligation to perform under the Kno 2 Contract.

**Intel's Breach of the Kno 1 Contract**

25. Under section 7.2 of the Kno 1 Contract, Intel is required to pay HMH royalties for Kno's sale of Eligible Content: "[Intel must] pay to HMH seventy percent (70%) of the Digital Rent Price for each Eligible Content Unit… successfully rented by and delivered to an End User, regardless of the final rental price charged by [Intel] to End Users."  (Kno 1 Contract § 7.2).

26. Although the Kno 1 Contract expired in November 2017, Intel remained obligated to pay royalties pursuant to that agreement.

27. At the expiration of the Kno 1 Contract, Intel owed HMH $22,000 in royalties.

28. Intel has failed to pay HMH the $22,000 in royalties owed under the Kno 1 Contract despite repeated demands from HMH that Intel make payment.

**COUNT I**
**(Breach of Kno 2 Contract)**

29. HMH repeats, realleges, and incorporates by reference as though fully set forth herein each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30. HMH and Intel are parties to the Kno 2 Contract, which is a valid, binding contract.

31. HMH performed all of its obligations under the Kno 2 Contract or was excused from doing so.

32. Through the conduct alleged herein, including, but not limited to, refusing to perform its post-termination obligations under the Kno 2 Contract, Intel has breached that agreement.

33. As a result of Intel's breach, HMH has been damaged in the amount of $1,596,190, plus interest.

## COUNT II
### (Declaratory Judgment)

34. HMH repeats, realleges, and incorporates by reference as though fully set forth herein each and every allegation contained in Paragraphs 1 through 33 of this Complaint.

35. An actual controversy exists between HMH and Intel regarding whether the Kno 2 Contract requires Intel to indemnify HMH against potential claims asserted by HMH's customers. HMH believes that Intel must indemnify HMH against any such claims, but Intel has taken the position that it owes HMH no further obligations under the Kno 2 Contract.

36. A court order regarding whether Intel must indemnify HMH against future claims asserted by HMH's customers will resolve the conflict between HMH and Intel. As such, HMH seeks a declaratory ruling that Intel has a continuing obligation to indemnify HMH against future claims asserted by HMH's customers pursuant to the Kno 2 Contract.

## COUNT III
### (Breach of Kno 1 Contract)

37. HMH repeats, realleges, and incorporates by reference as though fully set forth herein each and every allegation contained in Paragraphs 1 through 36 of this Complaint.

38. HMH and Intel are parties to the Kno 1 Contract, which is a valid, binding contract.

39. HMH performed all of its obligations under the Kno 1 Contract or was excused from doing so.

40. Through the conduct alleged herein, including, but not limited to, failing to pay royalties pursuant to its obligations in the Kno 1 Contract, Intel has breached that agreement.

41. As a result of Intel's breach, HMH has been damaged in the amount of $22,000, plus interest.

## JURY TRIAL DEMAND

HMH hereby demands a trial by jury on all counts and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, HMH requests that the Court enter an Order:

A. Awarding HMH $1,596,190 in damages for Intel's breach of the Kno 2 Contract;

B. Awarding HMH $22,000 in damages for Intel's breach of the Kno 1 Contract;

C. Entering a declaratory judgment that Intel must indemnify HMH against claims asserted by HMH's customers that fall within the scope of Kno 2 Contract § 8.2;

D. Awarding HMH interest, attorneys' fees and punitive damages as allowed by law; and,

E. Ordering such further relief as the Court deems just and proper.

Dated: December 3, 2018

Respectfully Submitted,
Houghton Mifflin Harcourt Publishing Company
By its attorneys,

/s/ Irwin B. Schwartz
Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
Nicholas R. Cassie (BBO# 672698)
ncassie@blaschwartz.com
BLA Schwartz, PC
One University Avenue, Suite 302B
Westwood, Massachusetts 02090
Phone:  781-636-5000
Fax:    781-636-5090